UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL DIXON, JR., | No. 2:17-cv-1847 AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> and |
| CLERK, U.S. DISTRICT COURT, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendant. | |

Plaintiff, who is incarcerated in the Sacramento County Jail, proceeds pro se with this putative civil rights action filed against the "Sacramento Division Clerk of the U.S. District Court for the Eastern District of California." <u>See</u> ECF No. 1. The complaint contains no pertinent allegations and seeks "monetary damages" on the ground that, inter alia, "this is the theology situation that is where and what make a suite possible (sic)." <u>Id.</u> at 3. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28

U.S.C. § 1915A(b)(1) & (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

The only defendant named in the instant complaint is the Clerk of this Court, who has absolute quasi-judicial immunity for conduct that forms "'an integral part of the judicial process.'" Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S. 962 (quoting Imbler v. Pachtman, 424 U.S. 409 *passim* (1976)). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) (citations omitted), cert. denied, 486 U.S. 1040.

The undersigned finds no reasonable basis upon which plaintiff may pursue a damages claim against the Clerk of this Court. The deficiencies of the complaint therefore cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). The instant action is legally frivolous and should be dismissed for that reason. Neitzke, 490 U.S. at 325, 327.

Moreover, although plaintiff has not yet paid the filing fee or submitted an application to proceed in forma pauperis, dismissal is warranted at this juncture in the interests of judicial efficiency.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court, which shall be captioned "Objections to Magistrate Judge's Findings and

////

1 | Recommendations." Failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: September 7, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE